UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------X

KEITH POOLER,

                          Plaintiff,

      - against -

HEMPSTEAD POLICE DEPT, et al.,

                     Defendants.

-------------------------------------------------------------X

**ORDER**

**10-CV-482 (JMA)(ARL)**



F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 2 4 2015   ★

LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is plaintiff Keith Pooler's motion to void: (1) the settlement agreement between himself and the remaining defendants, P.O. Karol Barnes and P.O. Anthony Almanzar, and (2) the general release plaintiff signed. Plaintiff contends that the Court should void these agreements because someone at the facility where plaintiff is incarcerated prevented plaintiff from participating in conferences with the Court on April 7, 2015 and April 13, 2015. Plaintiff also appears to believe that he underestimated his chances of success at trial. Plaintiff's motion is denied.

## I.    BACKGROUND

On January 16, 2015, this trial-ready case was reassigned to me. The sole claim for trial was an excessive force claim arising from plaintiff's arrest on June 13, 2009. During a status conference on April 1, 2015, plaintiff offered to settle this matter for $2,500. The Court gave defense counsel a week to discuss the offer with his clients. Although two telephone conferences with the Court were scheduled for April 7, 2015 and April 13, 2015, neither conference ever occurred because one of the parties was unavailable. Plaintiff claims that employees at the facility where he is incarcerated prevented him from taking part in those conferences, but, on at

1

least one occasion, the telephone conference did not proceed because the Court could not locate defense counsel. In any case, on April 16, 2015, defense counsel sent plaintiff a letter advising plaintiff that defendants had agreed to settle this matter for $2,500, along with a Stipulation and Order of Settlement and Dismissal ("Settlement Agreement") and a general release for plaintiff to sign.

On April 21, 2015, plaintiff wrote to the Court "recanting" his settlement offer and requesting a trial. Notwithstanding that request, the next day plaintiff signed the Stipulation and Order of Settlement and Dismissal and the general release, had both documents notarized and returned them to defense counsel. On April 30, 2015, defense counsel signed the Settlement Agreement.

On May 13, 2015, I held a telephone conference with the parties. During that conference, plaintiff, despite having executed the Settlement Agreement and the general release, renewed his request to rescind or void the agreements and proceed to trial. Defendants opposed plaintiff's request. Thereafter, both parties briefed whether the agreements should be voided.

## II.   DISCUSSION

The Settlement Agreement and general release are governed by New York contract law. See Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999) ("Settlement agreements are contracts and must therefore be construed according to general principles of contract law."); Albany Sav. Bank, FSB v. Halpin, 117 F.3d 669, 672 (2d Cir. 1997) ("Under New York law, general releases are governed by principles of contract law."). Under New York law, "[a] party will be relieved from the agreement only where there is cause sufficient to invalidate the contract, such as fraud, collusion, mistake, or accident." S.E.C. v. Credit Bancorp, Ltd., 232 F. Supp. 2d 260, 265 (S.D.N.Y. 2002) aff'd sub nom. Loewenson v.

London Mkt. Cos., 351 F.3d 58 (2d Cir. 2003).  However, "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that a choice simply because his assessment of the consequences was incorrect." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007).

Plaintiff has not established that sufficient cause exists to void the Settlement Agreement and general release.  Even if someone prevented plaintiff from appearing by telephone on April 7 or April 13, plaintiff has not explained why such misconduct should void the agreements, which plaintiff chose to execute on April 22.  Finally, to the extent plaintiff believes that his case is stronger than he previously thought, plaintiff's reassessment is not a basis for relieving him of either agreement. See Powell, 497 F.3d at 128.

### III.   CONCLUSION

For the foregoing reasons, plaintiff's motion to void the Settlement Agreement and the general release is denied.  The Settlement Agreement, which is attached as Exhibit A, is **So Ordered.**  The Clerk of Court is directed to mail a copy of this Order to plaintiff and close the case.

**SO ORDERED.**

Dated: July 24, 2015
Central Islip, New York

                                        /s/    JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

3